UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Lexstar Construction, LLC, | Case No. 1:16-cv-423 |
| Plaintiff, | COMPLAINT |
| vs. | |
| AGCS Marine Insurance Company, a foreign insurance company, | |
| Defendant. | |

1. Plaintiff Lexstar Construction, LLC ("Lexstar"), for its Complaint against Defendant AGCS Marine Insurance Company, marketed as Allianz Global Corporate & Specialty ("Allianz"), states and alleges:

## PARTIES

2. Lexstar is a North Dakota limited liability company which engages in the business of commercial construction.

3. Defendant AGCS Marine Insurance Company (Allianz) is a foreign insurance corporation domiciled in Illinois and authorized to and doing business in the State of North Dakota.

## JURISDICTION

4. This Court has jurisdiction based upon diversity of citizenship with the parties pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

5. At all times material herein, Defendant Allianz had in full force and effect a Builder's Risk Policy bearing policy number MZI93050109, issued to Lexstar, as the named insured, for the policy period of May 13, 2013 until May 13, 2014.

6.  While the Allianz policy was in full force and effect, Lexstar contracted with NDIT, LLC, for the construction of the Bismarck Information Technology Division building ("ITD building").

7.  The Allianz policy provides coverage for direct physical loss and property damage to the ITD building.

8.  On March 27, 2013, Lexstar contracted with Davis Companies, LLC ("Davis") to be the project concrete contractor for the ITD building. Davis was contracted to construct footings, pour floors, foundations, a slab on grade, interior columns, curb and gutter, and the parking lot.

9.  On May 16, 2013, Lexstar contracted with Jem Construction, Inc. ("Jem") to be the excavation contractor for the ITD building.

10. While the Allianz policy was in full force and effect, Jem did not properly excavate underneath columns that held the floors above them and failed to properly excavate or backfill under the columns.

11. While the Allianz policy was in full force and effect, Davis failed to properly pour concrete on a column at gridline B6.2 because it did not center it on the footing and failed to pour concrete footings to the proper width and depth resulting in undersized footings. These undersized footings sank to various degrees throughout the building.

12. In October 2013, Lexstar discovered that the ITD building had moved along a north to south line on gridline B after Davis and Jem completed their work on the columns and footings. The movement of the ITD building was the direct and proximate result of the acts or omissions of Davis and/or Jem.

13. Due to the movement of the ITD building, repairs became necessary.

14. The property damage or direct physical loss to the building occurred because of an external cause due to the fault of Lexstar's subcontractors. The necessary repairs delayed construction of the ITD building by 12 weeks.

15. In January 2014, regular construction on the ITD building was resumed. By January 2014, Lexstar had incurred considerable damages and expense for the building repairs, and the delay in construction. Specifically, Lexstar sustained damages in excess of $900,000 for the repairs and delay.

16. Thereafter, Lexstar submitted a claim to Allianz for the damages it incurred from the issues outlined above with the ITD building.

17. Allianz has repeatedly refused to provide coverage for Lexstar's claim for the damages it incurred with the ITD building during the policy period.

## COUNT I – BREACH OF CONTRACT

18. Allianz provided a Builder's Risk Policy bearing policy number MZI93050109 to Lexstar for the policy period of May 13, 2013 until May 13, 2014.

19. During the time period in which the Allianz policy was in full force and effect, an occurrence occurred as outlined above which resulted in property damage or direct physical loss to the ITD building due to an external cause and in which Lexstar incurred damages in excess of $900,000.

20. Despite Lexstar submitting its claim for damages relating to the ITD building pursuant to the Allianz policy, Allianz has refused to provide coverage and has thereby breached the Allianz policy.

21. Lexstar has suffered damages as a direct and proximate result of Allianz breaching the Allianz policy with Lexstar.

3

## COUNT II – BAD FAITH

22. Alliance has acted unreasonably in handling Lexstar's claim concerning damages incurred relating to the ITD building.

23. Allianz has acted unreasonably by failing to compensate Lexstar for Lexstar's loss which is covered by the Allianz policy.

24. Allianz does not have any proper reason to refuse payment to Lexstar.

## COUNT III – DECLARATORY JUDGMENT

25. Lexstar is entitled to a declaratory judgment pursuant to North Dakota Century Code Ch. 32-23, against Allianz declaring that Lexstar is entitled to coverage for damages incurred relating to the ITD building pursuant to the Allianz policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement as follows:

1. That Plaintiff be awarded money damages in excess of $900,000;

2. Declaring, pursuant to North Dakota Century Code Ch. 32-23, that Defendant Allianz is obligated to provide coverage to Plaintiff for damages Plaintiff incurred relating to the ITD building.

3. Declaring and determining that Plaintiff is entitled to recover an amount in excess of $900,000 against Defendant Allianz.

4. That Plaintiff be awarded judgment against Defendant Allianz in an amount in excess of $900,000;

5. That Plaintiff be awarded its attorney's fees in this litigation against Defendant Allianz, in accordance with the North Dakota Declaratory Judgment Act, Ch. 32-23, N.D.C.C., along with State Farm v. Sigman, 508 N.W.2d 323 (N.D. 1993) and Western Nat'l. Mut. Ins. Co. v. Univ. of N.D., 663 N.W.2d 4 (N.D. 2007).

6.  That Plaintiff be awarded its costs and disbursements in this action.

7.  That Plaintiff be awarded whatever other relief the Court deems just and equitable.

Dated this 5th day of December, 2016.

MARING WILLIAMS LAW OFFICE, P.C.

BY: _____
Duane A. Lillehaug (#03232)
1220 Main Avenue, Suite 105
Fargo, North Dakota 58103
Telephone: (701) 241-4141
Email: dlillehaug@maringlaw.com

**ATTORNEYS FOR PLAINTIFF**
